WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hall Family Properties Limited,<br><br>Appellant,<br><br>v.<br><br>Gosnell Development Corporation of Arizona,<br><br>Appellee. | No. CV-15-00289-PHX-GMS<br><br>**ORDER** |

On March 13, 2015, Hall Family Properties Limited filed an appeal with this Court. (Doc. 8.) First, HFP appealed the bankruptcy court's order remanding "unresolved adversary claims" to Maricopa County Superior Court. (*Id.*) Second, HFP appealed the bankruptcy court's ruling on HFP's proof of claim/adversary claims. (*Id.*) On March 31, 2015, Gosnell Development Corporation of Arizona filed a motion to dismiss the appeal for lack of jurisdiction. (Doc. 11.) Finally, on November 19, 2015, the parties engaged in oral argument on the motion and other specific issues raised by the Court. (Doc. 55.) For the foregoing reasons, the Court REMANDS the matter to the bankruptcy court for certification or reconsideration. As a result, HFP's appeal and GDC's motion to dismiss are moot.

**BACKGROUND**

On August 8, 1997, GDC filed for Chapter 11 bankruptcy. (Doc. 11 at 1.) On December 22, 1997, HFP filed its POC with the bankruptcy court. (*Id.*) Before GDC filed for bankruptcy, GDC and HFP had been engaged in ongoing state court litigation

1   regarding alleged overcharges and dissolution and accounting issues ("State Court
2   Claims") pertaining to their respective interests in a limited partnership Mary Ellen
3   Properties Limited Partnership ("MEPLP").[1] (*Id.*) GDC's bankruptcy filing stayed the
4   State Court Claims. (*Id.*) Upon motion the State Court Claims were removed to
5   bankruptcy court where they became adversary proceedings within GDC's bankruptcy
6   case. (*Id.*)

7   On January 10, 2013, the bankruptcy court entered its first minute entry/order on
8   HFP's POC/adversary claims triggering further motions by both parties and hearings on
9   the subject. (*Id.*, Ex. A.) On May 6, 2014, HFP filed a motion to send all disputes to a
10  single court and to cease all proceedings in the adversary matter ("Motion to Remand").
11  *Gosnell Dev. Corp. of Ariz. v. Hall Family Props., Inc.*, 97-ap-00801, Doc. 364 (Bankr.
12  D. Ariz. May 6, 2014). On May 23, 2014, the court entered its second minute entry/order
13  on HFP's POC/adversary claims. (Doc. 11, Ex. B.) On September 25, 2014, the
14  bankruptcy court entered a minute entry/order remanding HFP's adversary claims to state
15  court pursuant to 28 U.S.C. § 1447 and granting HFP's Motion to Remand ("Remand
16  Order"). (*Id.*, Ex. E.) On the same date, the bankruptcy court also filed its "Order on
17  Ruling on HFP's Proof of Claim." (*Id.*, Ex. F.) In resolving the POC, however, the
18  bankruptcy court ruled on the merits of at least some of the issues which were the subject
19  of the remanded adversary proceedings. On October 6, 2014, HFP filed an objection to
20  the bankruptcy court's ruling on its POC/adversary claims. (*Id.*, Ex. G.) On January 28,
21  2015, the court entered an additional "Order Remanding Unresolved Adversary Claims to
22  Maricopa County Superior Court," in essence repeating its September 25, 2014 Remand
23  Order with the addition of directions to the state court that it was to treat the issues it had
24  resolved in deciding the POC as adjudicated and should proceed only on the dissolution
25  and accounting issues and accept its resolution of the overcharge issues.[2] ("Remand

---

[1] GDC was the general partner of MEPLP, and HFP was a limited partner. (*Id.*)

[2] The Bankruptcy court did leave questions related to interest on damages and attorney fees unresolved after it adjudicated the overcharge claims, but it directed the state court to resolve those questions through its determination of the dissolution and

- 2 -

Ruling"). (*Id.*, Ex. J.) That same day the bankruptcy court also entered an amended order ruling on HFP's POC/adversary claims. (*Id.*, Ex. H.) On February 9, 2015, HFP filed its Notice of Appeal with this Court. (*Id.*, Ex. K.)

The bankruptcy court never provided the state court with a certified copy of the Remand Order or Remand Ruling. As a result, although the bankruptcy court entered the Remand Order over 12-months ago, there is no indication that the Maricopa County Superior Court is aware that these proceedings are before it, or absent certification, as is explained below, whether these orders are actually before it at all.

## ANALYSIS

In the original motion, GDC and HFP disagree over whether this Court has jurisdiction to hear HFP's appeal of the bankruptcy court's Remand Ruling and the bankruptcy court's order on HFP's POC/adversary claims. At oral argument, however, the Court raised a new issue: what is the actual scope of the bankruptcy court's Remand Order and/or Remand Ruling and what is the implication of that scope on HFP's POC/adversary claims?

**I.     The Remand Order Divested the Bankruptcy Court of Jurisdiction to Rule on the Merits of HFP's POC/Adversary Claims**

There are two remand orders in this case, both of which essentially state and do the same thing. (*Id.*, Exs. E, J.) Nevertheless, in its September 25, 2014 order the bankruptcy court ruled that it did not have jurisdiction to further resolve the POC or the adversary issues that were a part of it. (*Id.*, Ex. E.) The court's subsequent Remand Ruling entered on January 28, 2015 (HFP appeals this ruling) added directions to the state court, but it did nothing to change the bankruptcy court's initial determination—whether right or wrong—that it had no jurisdiction to resolve HFP's claims. (*Id.*, Ex. J.)

In its September 25 order, the bankruptcy court explained that upon motion of the United States Trustee, the court converted GDC's Chapter 11 proceeding into a Chapter 7 proceeding. (*Id.*, Ex. E.) The bankruptcy court requested a statement of position from

accounting claims. (*Id.*, Ex. J.)

- 3 -

1   the Chapter 7 Trustee which, when entered on August 27, 2014, advised the court that the
2   "bankruptcy case should be closed with a no distribution report, and, as a result, an
3   abandonment of any interests in litigation." (*Id.*)  The bankruptcy court "concluded that
4   there was a fundamental change in both the bankruptcy case and the adversary
5   proceeding and noted that there was no further need to resolve the HFP proof of claim in
6   the adversary proceeding because there are absolutely no funds or other sources to pay
7   anything on that claim, or the other claims in the bankruptcy case." (*Id.*)  Accordingly,
8   the court held that "because the resolution of the HFP claims against both the Debtor and
9   Non-Debtor Defendants can have no impact on the bankruptcy case, the [bankruptcy
10  c]ourt must abstain from hearing the matter under 28 U.S.C. § 1334[3] and remand this
11  adversary to State Court under 28 U.S.C. § 1447 for further proceedings before that
12  Court." (*Id.*)

13  As an initial matter, the bankruptcy court granted HFP's Motion to Remand the
14  entirety of HFP's adversary claims. (*Id.*, Ex. J ("HFP's Motion is treated as a Motion to
15  Abstain and/or Remand, and such Motion is granted[.]").)  HFP's motion prayed for the
16  bankruptcy court "to immediately dismiss the Adversary Proceeding in its entirety and let
17  HFP proceed before a single Judge in the Maricopa County Superior Court against both
18  GDC and the Gosnell brothers." *Gosnell Dev. Corp.*, 97-ap-00801, Doc. 364 at 5–6.

19  Further, the citation to 28 U.S.C. § 1447 in the Remand Order demonstrates that
20  the bankruptcy court concluded that it lacked jurisdiction to adjudicate HFP's
21  POC/adversary claims against GDC once it determined that there were no more funds
22  available to pay any claims and resolution of HFP's POC/adversary claims could not
23  affect the bankruptcy case. *See Powerex Corp. v. Reliant Energy Svc., Inc.*, 551 U.S.
24  224, 225 (2007) (permitting a court to determine, based on the record, whether the

---

26  [3] Abstention can either be permissive under § 1334(c)(1) or mandatory under
27  § 1334(c)(2).  Regardless of its nature, "[a]bstention can exist only where there is a
    parallel proceeding in state court." *Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffers,
    Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997).  Upon removal to Federal
28  Court, GDC effectively extinguished any pendent state court claims.  As such, this Court
    focuses on the court's invocation of § 1447.

- 4 -

1 remanding court's basis for remanding a case to state court can be colorably
2 characterized as lack of subject matter jurisdiction). The court evidently determined that
3 due to the "fundamental change[s] in both the bankruptcy case and the adversary
4 proceeding" it no longer held subject matter jurisdiction over HFP's claims. *See*
5 § 1447(c) ("If at any time before final judgment it appears that the district court lacks
6 subject-matter jurisdiction, the case shall be remanded[.]").

7 Fundamental principles of federal jurisdiction and separation of powers hold that
8 "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power
9 to declare the law, and when it ceases to exist, the only function remaining to the court is
10 that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better*
11 *Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted) (citation omitted).
12 Thus, once the bankruptcy court concluded, whether correctly or incorrectly, that it had
13 no jurisdiction to resolve HFP's POC/adversary claims in this case it should have done
14 nothing more; yet, it apparently went on to enter a merit based judgment on the remanded
15 issues which were no longer before it, and then ordered the state court to follow the
16 resolution that it made of those issues even when it had no jurisdiction to do so. (*See,*
17 *e.g.*, Doc. 11, Ex. J at 3–4 ("The only remaining issue . . . is when interest will accrue on
18 the overcharge damages . . . , which should be resolved through the final accounting, as
19 set forth in the Amended Order of January 26, 2015.") If in fact the bankruptcy court no
20 longer had jurisdiction over this case, it was error for the court to have resolved any of
21 the adversary issues tied up in adjudicating the POC; and normally, the court's ruling
22 would be rendered void. *See In re Sasson*, 424 F.3d 864, 876 (9th Cir. 2005) (explaining
23 that a court's judgment is void if the court lacks subject matter jurisdiction); 20 Am. Jur.
24 2d *Courts* § 66 (2005) ("[W]hen a court decides a matter without jurisdiction, the whole
25 proceeding is as if it had never happened."). Here, however, there is an additional legal
26 wrinkle delaying the normal result—the bankruptcy court never certified the remand to
27 the state court.
28 / / /

## II. The Bankruptcy Court's Failure to Certify Its Remand to the Maricopa County Superior Court Permits Reconsideration

In this case, the bankruptcy court never certified either of its remand orders to the Superior Court. *See* § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."). Certification effectively "finalizes" a court's order to remand the case to the state court. *See Busy v. Nev. Const. Co.*, 125 F.2d 213, 217 (9th Cir. 1942) ("The proper procedure for carrying the order of remand into execution would be by filing of a certified copy of the order in the state court.").

Since *Busy*, Ninth Circuit courts have made clear that a court does not retain jurisdiction to reconsider remand once it has certified the remand to the state court. *See, e.g.*, *Seedman v. U.S. Dist. Court, Cent. Dist. Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (holding that certification divests the remanding court of jurisdiction to reconsider its remand order either on motion or *sua sponte*); *Homestead Ins. Co. v. Casden Co.*, 234 F. App'x 434, 435 (9th Cir. 2007) (holding that the court's certification of its remand order "divested the district court of jurisdiction to correct or vacate the remand order"); *Ariz. Pub. Serv. Co. v. Deer Valley Lodging Investors, LLC*, 2011 WL 855628, at *2 (D. Ariz. Mar. 9, 2011) (same).

Courts have also held, however, that the contrary is true: a court can reconsider a remand order up until it certifies the order to the state court. *See, e.g.*, *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013) (holding that a district court may reconsider a remand order issued under § 1447(c) so long as the district court had not yet certified the remand order to the state court). Consequently, the bankruptcy court retains jurisdiction to reconsider its Remand Order and/or Remand Ruling until the moment it sends a certified copy of the order to the state court.

Nevertheless, the failure to certify does not grant the bankruptcy court subject matter jurisdiction if it does not otherwise have it. And, if it does not otherwise have it, it does not appear that the court's ruling on the POC or the overcharge issues is valid. This

- 6 -

Court understands that for almost two decades the bankruptcy court has been adjudicating this case, thus, it may have rightly believed that it had the best chance of properly ruling on HFP's POC/adversary claims, and therefore it proceeded to do so both as a courtesy and to promote practicality. Nonetheless, experience with a case is not the benchmark by which jurisdiction is measured. Thus, unless the bankruptcy court erred in its original determination that it lacked subject matter jurisdiction over this matter, without jurisdiction to rule on HFP's POC/adversary claims, the bankruptcy court's order ruling on HFP's claims is void. *In re Sasson*, 424 F.3d at 876.

### III. This Court Remands the Matter to the Bankruptcy Court for Guidance

The uncertified Remand Order and/or Remand Ruling leave this Court in a state of limbo because, absent certification, the bankruptcy court's Remand Order and/or Remand Ruling lacks finality. But, even absent certification, the apparent basis of the bankruptcy court's Remand Order—that the court lacks jurisdiction—would deprive this Court of jurisdiction to hear any appeal thereof. *See, e.g.*, *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003) ("If . . . [the] court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and we would have no jurisdiction to review even if the remand was erroneous."). Moreover, it would also apparently compel the conclusion that the bankruptcy court lacked the jurisdiction to resolve the appealed adversary issues it decided in resolving the POC in the first place. *See Steel Co.*, 523 U.S. at 94.

Because the bankruptcy court has not yet certified its Remand Order and/or Remand Ruling to the Superior Court, the bankruptcy court retains the ability to reconsider its remand. This Court now remands the matter back to the bankruptcy court to either certify it to the Maricopa County Superior Court, or reconsider the remand in whole or in part. Should it reconsider the remand in whole or in part, the bankruptcy court shall further clarify the jurisdictional basis on which it proceeded to resolve the adversary issues in the POC after determining that it had no jurisdiction, so that the basis on which it exercised jurisdiction, and the issues it decided, will be clear to the parties for

purposes of possible further review.

## CONCLUSION

For the foregoing reasons, the Court remands the matter to the bankruptcy court for either certification or reconsideration.

For the time being, in light of the remand, HFP's appeal of the bankruptcy court's ruling on its POC/adversary claims (Doc. 1) and GDC's Motion to Dismiss (Doc. 11) are moot.

**IT IS HEREBY ORDERED** directing the Clerk of Court to remand this matter back to the bankruptcy court for either certification or reconsideration.

**IT IS FURTHER ORDERED** finding the Motion to Dismiss (Doc. 11) and the bankruptcy appeal (Doc. 1) moot.

Dated this 11th day of December, 2015.

Honorable G. Murray Snow
United States District Judge